IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 15 2009

GREGORY C. LANGHAM
                          CLERK

Civil Action No. 09-cv-02332-BNB

STANLEY L. WADE,

    Applicant,

v.

BLAKE R. DAVIS, Warden,

    Respondent.

___

ORDER OF DISMISSAL

___

Applicant, Stanley L. Wade, is a prisoner in the custody of the United States Bureau of Prisons at the Federal Prison Camp in Florence, Colorado. Mr. Wade initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On October 2, 2009, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that affirmative defense in this action. On October 14, 2009, Mr. Wade filed a motion for the Court to prohibit his transfer prior to the disposition of the habeas corpus application. On October 22, 2009, Respondent filed a preliminary response to the application. On October 29, 2009, Mr. Wade, apparently as his reply, filed a motion to strike the preliminary response.

The Court must construe Mr. Wade's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall**

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the habeas corpus application will be denied and the action dismissed.

Mr. Wade currently is serving a 100-month sentence with 36 months of supervision for conspiracy to defraud the Internal Revenue Service in violation of 18 U.S.C. § 371. He has a projected release date of September 28, 2011, via good-conduct-time release, with 36 months' supervision. He asserts one claim, which will be discussed below.

Respondent argues that this action should be dismissed for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. **See Williams v. O'Brien**, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. **See Woodford v. Ngo**, 548 U.S. 81, 90 (2006).

The BOP administrative remedy procedure is available to Mr. Wade. **See** 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. **See** 28 C.F.R. §§ 542.13 - 542.15.

Mr. Wade's sole claim is that the review for placement in a residential re-entry

center (RRC) as directed by the warden in administrative remedy 511696 has not been conducted. Some background is in order. Mr. Wade filed for administrative relief at the institution and regional levels seeking RRC transfer consideration in administrative remedy series 511696. However, he failed to raise the specific claim he asserts in the instant application.

In administrative remedy series 511696, he sought consideration for immediate placement in a RRC pursuant to the Second Chance Act. His initial administrative remedy filed with the warden was denied. Mr. Wade appealed the warden's decision to the regional director, and was informed that the appeal would be remanded to his institution for further review. Relief was granted in a subsequent response from the warden, which informed Mr. Wade that he would be considered for RRC placement during his next scheduled program review in May 2009.

Mr. Wade contends that on May 9, 2009, the review was conducted, and he was informed he would not be considered for RRC placement until May 2010. He apparently disagrees with that decision and, therefore, contends here that the review for placement in a RRC as directed by the warden in administrative remedy 511696 has not been conducted. The Court finds that Mr. Wade has failed to exhaust administrative remedies for the claim asserted in the instant action. The instant action will be dismissed without prejudice for failure to exhaust administrative remedies.

Mr. Wade's motion for the Court to prohibit his transfer prior to the disposition of the habeas corpus application will be denied. Since this Court had jurisdiction over the instant habeas corpus application at the time it was filed, that jurisdiction would not be defeated by Mr. Wade's subsequent transfer. **See Santillanes v. United States**

*Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).  Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.  It is

FURTHER ORDERED that the October 14, 2009, motion for the Court to prohibit his transfer prior to the disposition of the habeas corpus application is denied.  It is

FURTHER ORDERED that the October 29, 2009, motion to strike the preliminary response is denied.

DATED at Denver, Colorado, this 15 day of December, 2009.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02332-BNB

Stanley L. Wade
Reg No. 02662-081
FPC - Florence
P.O. Box 5000
Florence, CO 81226-5000

William Pharo
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/15/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk